IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LUKE MILLS                                                                                    PLAINTIFF
#119075

v.                                      4:23-cv-00702-BRW-JJV

HUFFMAN, Captain,
Faulkner County Jail; *et al.*                                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.    DISCUSSION**

Luke Mills ("Plaintiff") is a pretrial detainee in the Faulkner County Detention Center ("FCDC"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging his constitutional rights have been violated because the FCDC has a policy or practice of allowing detainees to have their hair cut and faces shaved with trimmers only when they have court appearances. (Doc. 2.) Plaintiff says detainees can buy magic shave from the commissary to remove facial hair whenever they choose. However, when Plaintiff previously used magic shave,

1

it caused his skin to break out in sores.[1]  According to Plaintiff, having a beard and long hair is causing him severe mental anguish because he looks like his abusive father.  Plaintiff brings these claims against Defendants Captain Huffman, Sheriff Tim Ryall, and Sergeant Walkins in their official capacities only.  As relief, he seeks an injunction requiring the FCDC to trim his beard once a month and cut his hair every two months.  After careful consideration and for the following reasons, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.[2]

Because he is a pretrial detainee, Plaintiff's conditions of confinement claim falls under the Fourteenth Amendment.  *Bell v. Wolfish,* 441 U.S. 520, 535-37 (1979); *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906-07 (8th Cir. 2020).  Under the Fourteenth Amendment, pretrial detainees are presumed innocent and cannot be punished prior to a finding of guilt.  *Id*.  Thus, detention centers cannot subject pretrial detainees to conditions that are 'intentionally punitive." *Stearns*, 957 F.3d at 907 (quoting *Bell,* 441 U.S. at 538-39).  Additionally, conditions can be deemed punishment if they are "not reasonably related to a legitimate governmental purpose" or are "excessive in relation to that purpose."  *Id*.  "If conditions are found to be arbitrary or excessive, it is permissible to infer that the purpose of the governmental action" is punishment. *Id.*

---

[1] Plaintiff says the FCDC charged him for the medical treatment he received for those sores.  But it is constitutional to charge detainees for medical care, so long as they are not denied treatment due to an inability to pay.  *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999); *Blaise v. McKinney,* Case No. 98-3916, 1999 WL 486854 (8th Cir. July 12, 1999).

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

Nothing in the Complaint suggests the FCDC's grooming policy or practice is intentionally punitive. Plaintiff does not say how long it has been since his hair and beard have been cut, specify the current length of his hair and beard, or explain how he has been physically harmed by not having his hair and beard cut more frequently. Importantly, on August 9, 2023, I explained to Plaintiff these allegations fell short of suggesting the FCDC's grooming policy is excessive in relation to Faulkner County's legitimate penological interest in not providing razors, scissors, or trimmers to detainees for safety reasons. (Doc. 3). And I pointed out that courts have found no plausible claim when convicted prisoners raised constitutional challenges regarding limited access to razors, clippers, and other grooming tools. *See, e.g., Terry v. Payne,* No. 2:23-cv-00059-BSM-ERE, 2023 WL 3171663 (E.D. Ark. Apr. 3, 2013); *Sterling v. Taylor,* No. 5:16-cv00120-JLH-JTK, 2017 WL 1511296, at *4 (E.D. Ark. Feb. 28, 2017), *rec. adopted,* 2017 WL 1528734; *Lewis v. Holloway,* No. 5:17-cv-5099, 2017 WL 3461303 (W.D. Ark. Aug. 11, 2017); *Baughns v. Williams*, No. 3:21cv00139, 2022 WL 1215069, at *5 (M.D. Ga. Apr. 25, 2022). I then gave Plaintiff thirty days to file an Amended Complaint providing more information to state a plausible claim and cautioned him I would recommend dismissal if he did not do so. The time for Plaintiff to file an Amended Complaint has passed. Thus, for the reasons explained herein, I recommend his Complaint be dismissed without prejudice.

**II.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend that, in the future, dismissal of this action count as a strike under 28 U.S.C. § 1915(g).

3.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 12th day of September 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE